[*Special Term, October,* 1870.]

## THOMAS WILLIAMS *v.* JOB STEVENS.

A master had filed his report upon certain issues of fact, and reported also the testimony he had taken in the form of depositions, and his findings. On motion to confirm :

*Held,* That the act of April 18, 1867, S. & S. 579, does not require the setting of the cause on the trial calendar, to be heard as other submitted causes, upon the evidence reported by the master, and such other testimony as the party may choose to offer; but the hearing of the motion to confirm the report is the matter for determination.

*Stallo & Kittredge,* for plaintiff.

*Caldwell, Coppock & Caldwell,* for defendant.

HAGANS, J. This action was brought to recover an alleged amount due from defendant to plaintiff on a fair statement of partnership accounts after dissolution. The answer alleged such a statement, and that there had been, upon it, a full and final settlement between the parties, which the reply denied. It is claimed that the cause came on for trial on these pleadings, and the issues were found for the defendant; but, without any entry, leave was given to the plaintiff to file an amended petition, which he did, October 8, 1868.

In the amended petition the plaintiff alleges misappropriation of the partnership funds by the defendant, and a refusal to account for them; and that after the dissolution the books of the concern remained in defendant's possession, and a partial settlement of accounts between the parties was made, which he sets out, but that it was based upon false representations made by defendant, which the plaintiff has since discovered were false, and asks a true statement and judgment for the amount to be found due him.

The answer denies all these statements, and insists upon the fullness, fairness, and completeness of a final settle-

ment between the parties, and the reply puts the whole case at issue.

On motion of the plaintiff, the court, on the 28th of June, 1869, referred the issues to a master to take the testimony in the form of depositions, and to report the same, together with his findings, to the court.

The master filed his report, June 24, 1870. Motion was made to confirm it, and that motion is now for hearing.

It is now claimed by defendant, by way of preliminary objection to the hearing of the motion to confirm, that the cause must be set regularly on the trial calendar, to be heard upon the testimony before the master and such other testimony as he may choose to offer. It is not stated that there is any further evidence, or that it is intended to offer any. But it is said that the act of April 13, 1867, S. & S. 579, entitles the party to a trial before the court in the usual form. That act provides that the testimony taken before the master "shall have all the force and effect of depositions regularly taken in the cause, and may be used as such at any subsequent stage of the cause, either upon a new trial, second trial, or appeal," subject to the restrictions of section 338 of the Code; "but nothing in this act shall be so construed as to prohibit any party from recalling witnesses who may have testified, or from taking additional testimony."

I think that the concluding clause of the act has reference to the "new trial, second trial, or appeal" in the preceding portion of the section, and was designed not only to prevent the expense and trouble of taking the testimony over again, but possibly to remove any doubt as to the propriety of using it in such "new trial, second trial, or appeal." It is admitted that unless this act is to be construed as the defendant claims, the hearing of the motion to confirm the master's report must proceed. I can not go behind the order of reference, which I am to presume, and indeed believe, was right.

The hearing of the motion to confirm must proceed.